IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ANDRE BAKER, | : | CIV. NO. 24-7969 (RMB) |
| | : | |
| Petitioner | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Andre Baker's ("Petitioner") amended petition for writ of habeas corpus under 28 U.S.C. § 2241. ("Am. Pet." Dkt. No. 8), Respondent's letter request to dismiss or deny the petition ("Respondent's Letter Request" Dkt. No. 12), Petitioner's letter in reply ("Petr's Reply" Dkt. No. 14), and Respondent's second letter request ("Respondent's 2nd Letter Request" Dkt. No. 15.) For the reasons discussed below, the Court will dismiss the amended petition as moot.

I. PROCEDURAL HISTORY

Petitioner initially brought this habeas proceeding to challenge the calculation of his PATTERN score by the Bureau of Prisons ("BOP"), which resulted in his ineligibility to earn First Step Act ("FSA") time credits toward early release. (Pet., Dkt. No. 1.) This claim was rendered moot when BOP updated Petitioner's custody classification and PATTERN score, which made him eligible to apply earned FSA

time credits. (Dkt. No. 8 at 1.) Petitioner, however, amended his petition to seek retroactive application of FSA time credits and early release to a residential reentry center ("RRC") or home confinement. (Am. Pet., Dkt. No. 8 at 1-4.) Petitioner's early release to an RRC was delayed due to lack of bed space. (*Id.*) On December 19, 2024, Respondent submitted a letter seeking dismissal of the amended petition as moot because Petitioner was transferred to an RRC on December 12, 2024. (Declaration of Alisha Gallagher ("Gallagher Decl.") ¶ 4, Dkt. 15-1 and Ex. 1, Dkt. No. 15-2.) Petitioner's projected release date to his term of supervised release is June 27, 2025. (Gallagher Decl. ¶ 5 and Ex. 2 at 2, Dkt. No. 15-3.)

## II.   DISCUSSION

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted)). A district court may only decide cases "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937)). Petitioner's FSA time credits were applied, and he was released to an RRC on December 12, 2024. Therefore, there is no injury traceable to Respondent that is likely to be redressed by a favorable decision on Petitioner's amended petition.

## III.    CONCLUSION

For the reasons discussed above, the amended petition will be dismissed as moot.

An appropriate Order follows.

**DATE:  December 30, 2024**

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge